1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MIHALOVIC, | 1:10-cv-01061 AWI GSA |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |
| v. | (Document 1) |
| MATTHEW WEISS, et al., | |
| Defendants. | |

Plaintiff Steven Mihalovic ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint alleging damages for personal injuries against Los Banos Police Officer Matthew Weiss, Deputy District Attorney Travis M. Colby and District Attorney Larry D. Morse, II, in Merced County ("Defendants") after he was held for eight months in jail "without evidence." (Doc. 1 at 3.) Plaintiff seeks compensation for loss of property and wages, as well as punitive damages. (Doc. 1 at 3.)

## DISCUSSION

### A.    *Screening Standard*

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a

1

1  complaint or portion thereof if the Court determines that the action is legally "frivolous or

2  malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

3  a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines

4  that the complaint fails to state a claim, leave to amend may be granted to the extent that the

5  deficiencies of the complaint can be cured by amendment.

6      A complaint must contain "a short and plain statement of the claim showing that the

7  pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

9  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

10  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

11  must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

12  face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions

13  can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*,

14  129 S.Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal*

15  at 1949.

16      In reviewing a complaint under this standard, the Court must accept as true the allegations

17  of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740

18  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick

19  v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

20  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

21      A pleading may not simply allege a wrong has been committed and demand relief.  The

22  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

23  "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v.

24  United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

25

26

27

28                                      2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.**     *1983 Actions*

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be
> subjected, any citizen of the United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution . . . shall be liable to the
> party injured in an action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983.  Thus, to state a claim under Title 42 of the United States Code section 1983,[1] a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**C.**     *Plaintiff's Allegations*

Plaintiff complains he was held in the Merced County Jail  - between August 8, 2008, and April 2009 when he was released on his own recognizance - as a result of Defendant Officer Weiss's arrest "without evidence" and that Defendants Colby and Morse "held Plaintiff for eight months vindictively without evidence."  (Doc. 1 at 3.)

---

[1]All further statutory references are to Title 42 of the United States Code unless otherwise indicated.

1         **1.**      **Rule 8(a)**

2        Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must contain "a

3 short and plain statement of the claim."  The rule expresses the principle of notice-pleading,

4 whereby the pleader need only give the opposing party fair notice of a claim.  *Conley v. Gibson*,

5 355 U.S. at 45-46.  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may

6 ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of

7 what the plaintiff's claim is and the grounds upon which it rests."  *Id*. at 47.       Plaintiff will

8 be given an opportunity to amend portions of his complaint to comply with Rule 8(a).  In the

9 paragraphs that follow, the court will provide Plaintiff with additional legal standards that appear

10 to apply to his claims.  Plaintiff should carefully review the standards and amend only those

11 claims that he believes, in good faith, are cognizable.  Plaintiff is advised that his amended

12 complaint must contain all necessary allegations.  Moreover, if Plaintiff wishes to allege causes

13 of action, he must separate each claim and state facts in support of each individual claim against

14 each defendant.

15        Notably too, Plaintiff's complaint also fails to identify which of his constitutional rights

16 have been violated.  Plaintiff is advised that vague references to "civil rights" will not suffice,

17 rather he should plainly identify the constitutional right or rights at issue.

18          **2.**      **Officer Weiss**

19        Plaintiff merely states that Officer Weiss arrested him "without evidence."  This

20 conclusory statement fails to state a claim upon which relief may be granted.

21        If Plaintiff is seeking to assert a violation of his due process rights, he is advised that the

22 Due Process Clause of the Fourteenth Amendment protects individuals from being deprived of

23 life, liberty, or property without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556

24 (1974).  However, procedural due process claims require (1) a deprivation of a constitutionally

25 protected liberty or property interest, and (2) a denial of adequate procedural protections.

26 *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  "To establish a violation of substantive

27

28                              4

due process . . ., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (internal citations & quotations omitted), *cert. denied*, 117 S. Ct. 1845 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

If, on the other hand, Plaintiff intended to assert a claim of false imprisonment, he is advised that, under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997)).  "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Lyons v. Fire Ins. Exchange*, 161 Cal.App.4th 880, 888 (2008) (internal citations omitted).

Plaintiff will be permitted an opportunity to amend his complaint to assert a claim against Officer Weiss in accordance with the foregoing.

### 3.      District Attorney Defendants

Plaintiff claims that Merced County District Attorney Larry D. Morse and Deputy District Attorney Travis M. Colby "held [him] for eight months vindictively without evidence" before eventually dismissing the case against him in May 2009.  (Doc. 1 at 3.)

Plaintiff is advised that state court judges and prosecutors are immune from liability under section 1983.  *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under section 1983).  Thus, Defendants

Morse and Colby, as Merced County prosecutors, are absolutely immune from liability for damages.  Thus, Plaintiff may not state a claim against Defendants Morse or Colby in his amended complaint.

**D.   *Rooker-Feldman Doctrine***

To the extent that Plaintiff's complaint can be interpreted as a request that the Court review the state court proceeding, this Court lacks jurisdiction to do so.  Federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983).  The *Rooker-Feldman* doctrine is based on section 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution.  *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303.  The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments."  *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998).  "This is equally true in constitutional cases brought under § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'"  *Gottfried*, 142 F.3d at 330 (citing § 1738).

 "Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'"  *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n.16).  This rule applies to "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 483-487 & n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413; *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional).  Thus, "a losing party in

state court is barred from seeking what in substance would be appellate review of the state

judgment in a United States District Court, based on the losing party's claim that the state

judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997,

1005-1006 (1994).

In sum, this Court does not have subject matter jurisdiction to review state court

proceedings or judgments.

### E.   *Miscellaneous Information*

As previously noted, Plaintiff's complaint is vague and conclusory.  More particularly, at

page four of his complaint, Plaintiff included a list of roman numerals I through IV, although

none of the information provided amounts to claim upon which relief may be granted.  At pages

four and five, appear the phrases "(Damages: Loss of Reputation)," "Malice - deliberate act" and

"Add Punitive Damages and mental stress and anguish - slander, defamation of character."

Merely using the foregoing phrases is insufficient to state a claim upon which relief may be

granted.  The following information is provided for Plaintiff's consideration in light of the fact he

will be given leave to amend his complaint to cure the deficiencies identified herein.

### 1.   **Claim Against Merced County**

If Plaintiff intended to assert a claim against Merced County,[2] he is advised that a local

government unit may not be held responsible for the acts of its employees under a respondeat

superior theory of liability.  *Monell v. Department of Social Services*, 436 U.S. at 691; *Webb v.*

*Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003); *Gibson v. County of Washoe*, 290 F.3d 1175,

1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the

injury complained of.  *Gibson*, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability

requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force'

---

[2]In the caption of his complaint, Plaintiff identified Officer Weiss, D.D.A. Colby and D.A. Morse.  However, off to the right hand side, Plaintiff wrote in "<u>Merced County 'All three'</u>," thus the Court presumes he may have intended to assert a claim or claims against the county.

1    behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652,

2    667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989).  Alternatively,

3    and more difficult to prove, municipal liability may be imposed where the local government

4    unit's omission led to the constitutional violation by its employee.  *Gibson*, at 1186.  Under this

5    route to municipal liability, the "plaintiff must show that the municipality's deliberate

6    indifference led to its omission and that the omission caused the employee to commit the

7    constitutional violation."  *Id.*  Deliberate indifference requires a showing "that the municipality

8    was on actual or constructive notice that its omissions would likely result in a constitutional

9    violation."  *Id.*

10          If in fact Plaintiff intends to amend his complaint to assert a claim against the County of

11   Merced, he is advised he must allege a claim that comports with the aforementioned legal

12   standard.  In order to state a claim for relief under section 1983, Plaintiff must link a named

13   defendant with some affirmative act or omission that demonstrates a violation of his federal

14   rights or link the municipality to the execution of a policy or custom that violated his federal

15   rights.

16                    **2.       Defamation/Slander**

17          Defamation alone is not a constitutional violation.  *See Paul v. Davis*, 424 U.S. 693, 712,

18   96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) ("[P]etitioners' defamatory publications, however seriously

19   they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property'

20   interests protected by the Due Process Clause"); *see e.g., Stump v. Gates*, 777 F.Supp. 808,

21   820-21 (D. Colo. 1991) (allegations of harm to family's reputation, based on published

22   statements by police and coroner of father's death as suicide, stated no more than state tort law

23   claim for defamation or possibly intentional infliction of emotional distress, and failed to assert

24   denial of right secured by Constitution or laws of the United States), *aff'd*, 986 F.2d 1429 (10th

25   Cir. 1993); *Miller v. California*, 355 F.3d 1172 (9th Cir. 2004) (plaintiff whose name was placed

26   on California Child Abuse Central Index failed to show he suffered the loss of a recognizable

27

28                                            8

property or liberty interest in connection with reputational injury from having name placed on index, as required to satisfy "stigma-plus" test for stating a defamation claim under § 1983).

To support a section 1983 claim based on injury to reputation, a plaintiff must allege "that the stigma was accompanied by some additional deprivation of liberty or property . . . protected by the state that directly affects the plaintiff's rights." *Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004) (citation omitted).

In California, a state law claim of defamation consists of either libel or slander. Cal. Civ. Code, § 44. "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code, § 45. To state a claim for defamation, Plaintiff must establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999). Under California law, the defamatory statement must be specifically identified, and Plaintiff must plead the substance of the statement. *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1216 (C.D. Cal. 2004); *see also Okun v. Superior Court*, 29 Cal.3d 442, 458, 175 Cal.Rptr. 157, 629 P.2d 1369 (1981) (a plaintiff must plead the alleged libelous words). A publication is communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made. *Smith v. Maldonado*, 72 Cal.App.4th at 645.

### 3.    Claims Pertaining to Emotional Distress

Lastly, Plaintiff is advised that, under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *Sabow v. United States*,

93 F.3d 1445, 1454 (9th Cir. 1996) (citing to *Christensen v. Superior Court*, 54 Cal.3d 868 (1991)).

Negligent infliction of emotional distress, however, is not an independent tort, but the tort of negligence (*Burgess v. Superior Court*, 2 Cal.4th 1064 (1992)), and "contains the traditional elements of duty, breach of duty, causation and damages." *Jacoves v. United Merchandising Corp.*, 9 Cal.App.4th 88, 107 (1992). To the extent Plaintiff may be attempting to pursue a separate claim for relief for the negligent infliction of emotional distress, he may not do so.

**CONCLUSION**

For the above reasons, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff's first amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file a first amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.

Plaintiff is cautioned that an amended complaint supercedes the original complaint, and must be "complete in itself without reference to the prior or superceded pleading." *See Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

IT IS SO ORDERED.

**Dated:**   **November 2, 2010**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE