# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MIHALOVIC,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW WEISS, et al.,<br><br>    Defendants. | 1:10-cv-01061 AWI GSA<br><br>ORDER REGARDING PLAINTIFF'S MISCELLANEOUS REQUEST<br>(Document 9)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br>(Document 10) |

***Miscellaneous Requests***

In a letter dated October 29, 2010, and filed November 2, 2010, Plaintiff makes a number of requests with regard to his pending case. The Court will address each in turn.

After advising the Court that he was enclosing certain documents, Plaintiff asked, "what do I do from here? Have defendants been served? Can you please let me know what the next step is?" Plaintiff is advised that his complaint was recently screened and an order issued on November 2, 2010, wherein Plaintiff was provided thirty days within which to file a first amended complaint. Plaintiff is directed to the First Informational Order, filed June 14, 2010, at pages five and six, paragraph twelve, wherein it states "[t]he court is required to screen

1

complaints brought by prisoners seeking relief . . .. The court will direct the United States Marshal to serve plaintiff's complaint *only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants . . . .*" (Doc. 3, emphasis added.)

Because the Court screened Plaintiff's complaint, and the original complaint fails to state cognizable claims, Defendants have not been served. In other words, until the Court determines Plaintiff's complaint is sufficient,[1] it will not be sent out for service of process. Plaintiff is advised this Court's docket contains an extraordinary number of prisoner civil rights cases, and delays of several months are not unusual in light of this Court's unusually high workload.

Next, Plaintiff asks "[i]s there a lawyer there that would help or take my case? . . . I'm not a lawyer and I could possibly use some help." In light of Plaintiff's subsequently-filed Motion for the Appointment of Counsel (Doc. 10), this question is answered separately below.

Plaintiff then advises that he will parole on or about May 28, 2011, and thus asks "what happens if I'm not able to pay any money for the filing fee" before that date? In the event Plaintiff is paroled prior to the collection of the $350.00 filing fee, he shall submit any remaining balance should he have funds available to do so following his release. As of the date of this Order, the balance remaining is $350.00.

Lastly, the Court takes this opportunity to direct Plaintiff's attention, once again, to the First Informational Order of June 14, 2010, wherein Plaintiff was advised that the Court "cannot serve as a repository for the parties' evidence . . .. The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court)." (Doc. 3, ¶ 6.) Accordingly, Plaintiff shall refrain from sending the court incident reports, et cetera, unless expressly requested to do so.

---

[1] Plaintiff is advised also that upon receipt of his first amended complaint, the Court will again screen the amended complaint to ensure it states claims upon which relief can be granted and/or does not contain frivolous claims.

*Request for Appointment of Counsel*

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Title 42 of the United States Code section 1983. On November 8, 2010, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 10.)

Plaintiff does not have a constitutional right to appointed counsel in this action (*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)), and the Court cannot require an attorney to represent Plaintiff pursuant to Title 28 of the United States Code section 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotations & citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id*. Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 10, 2010**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE