# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MIHALOVIC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW WEISS,<br><br>　　　　Defendant. | 1:10-cv-01061 AWI GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>(Document 12) |

Plaintiff Steven Mihalovic ("Plaintiff" or "Mihalovic"), appearing pro se and proceeding in forma pauperis, filed a first amended complaint ("FAC") on December 6, 2010, alleging damages for personal injuries against Los Banos Police Officer Matthew Weiss ("Defendant" or "Weiss") after he was unlawfully arrested and held "'against his will'" for eight months in the Merced County Jail. (Doc. 12 at 4[1].) Plaintiff seeks compensatory and punitive damages, costs and fees, and other relief this Court may deem appropriate. (Doc. 12 at 4.)

---

[1] The page numbers employed here are those assigned when the document is entered into the Court's CM/ECF system, rather than those assigned by Plaintiff.

1

**DISCUSSION**

**A.     *Screening Standard***

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 129 S.Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

2

"grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

### B.  *1983 Actions*

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim under Title 42 of the United States Code section 1983,[2] a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### C.  *Plaintiff's Allegations*

Plaintiff complains he was held in the Merced County Jail - between August 8, 2008, and April 2009 when he was released on his own recognizance - as a result of his unlawful arrest by Defendant. Plaintiff claims the case relating to this arrest was eventually dismissed for insufficient evidence. (Doc. 12 at 5.)

---

[2] All further statutory references are to Title 42 of the United States Code unless otherwise indicated.

3

*Fifth Amendment*

Mihalovic alleges his Fifth Amendment rights were violated because he was denied due process during the eight months he was incarcerated in jail before being released on his own recognizance. (Doc. 12 at 4-5.)

The Fifth Amendment of the United States Constitution provides, in pertinent part:

> No person shall be held to answer for a . . . crime, unless on a presentment or indictment of a Grand Jury . . . nor shall any person . . . be deprived of life, liberty, or property, without due process of law . . . .

However, "the Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Therefore, Mihalovic's claim on this basis, as against Defendant Weiss, fails as a matter of law.

*Eighth Amendment*

Mihalovic also asserts an Eighth Amendment violation. (Doc. 12 at 5.) The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

Here, other than a vague reference to being "denied his rights to Due Process, violation of the 5th, 8th, and 14th Amendments of the United States Constitution," Mihalovic's complaint lacks any specific reference to excessive bail or fines. (Doc. 12.) To the degree Mihalovic intended to assert that the eight months he spent in jail related to the crimes investigated by Weiss amounted to a cruel and unusual punishment, his amended complaint fails to state a claim upon which relief can be granted. Moreover, as will be explained more fully below, this Court finds such a claim would be frivolous.

*Fourth & Fourteenth Amendment*

Mihalovic alleges his Fourteenth Amendment rights were violated. (Doc. 12 at 5.) He generally references a denial of due process with regard to an unlawful arrest. The Due Process Clause of the Fourteenth Amendment provides as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they

4

> reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State deprive any person of life, liberty, or property, without due process of law*; nor deny to any person within its jurisdiction the equal protection of the laws.

Emphasis added. It appears likely to the Court that Mihalovic intended to present a Fourth Amendment claim, thus, the Court will consider an alleging arising thereunder. The Fourth Amendment states that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath and affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force that amounts to punishment. *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)) (quotations omitted). Under the Fourth Amendment, which sets the applicable constitutional limitations for excessive force claims against pretrial detainees, *Gibson*, 290 F.3d at 1197, the issue is whether the defendant's actions were objectively reasonable in light of the facts and circumstances confronting him at the time, without regard to the underlying intent or motivation, *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (quoting *Graham*, 490 U.S. at 397) (quotations omitted).

"A claim for unlawful arrest is cognizable under [section] 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001), quoting *Larson v. Neimi*, 9 F.3d 1397, 1400 (9th Cir. 1993). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Dubner v. City and County of San Francisco*, 266 F.3d at 966, quoting *United States v. Garza*, 980 F.2d 546, 550 (9th Cir. 1992).

1    An incorrect arrest does not provide grounds for a claim of deprivation of liberty without
2 due process if the arrest was made pursuant to a valid warrant based upon probable cause. *Baker*
3 *v. McCollan*, 443 U.S. 137, 143-145, 99 S.Ct. 2689, 2694-95, 61 L.Ed.2d 433 (1979). While
4 innocence (or, as in the present case, a dismissal of the charges) may be relevant to a tort claim
5 for false imprisonment, it is largely irrelevant to a claim of deprivation of liberty without due
6 process of the law. *Id*. at 145, 99 S.Ct. at 2694-95. Nevertheless, if an arrest is made in bad
7 faith, there may be a cause of action under section 1983 as an illegal, unconstitutional arrest. *See*
8 *Guenther v. Holmgreen*, 738 F.2d 879, 883 (7th Cir.1984), cert. denied, 469 U.S. 1212, 105 S.Ct.
9 1182, 84 L.Ed.2d 329 (1985). *See also Norton v. Liddel*, 620 F.2d 1375, 1378-9 (10th Cir. 1980).

10   Here, Mihalovic has not alleged excessive force. Rather, he alleges his arrest was
11 unlawful. In any event, from the documents provided and attached to the amended complaint, it
12 is plain that Defendant Weiss's actions - to arrest Mihalovic for offenses related to his
13 investigation into Mihalovic's use of a fraudulent Valero credit card - were objectively
14 reasonable in light of the facts and circumstances known to him at that time. *Lolli v. County of*
15 *Orange*, 351 F.3d at 415.

16   More particularly for example, the report prepared by Defendant Weiss indicates the
17 address associated with the Valero credit card account, obtained unlawfully using a third person's
18 identity, was 134 Second Street in Los Banos. The address was in fact Mihalovic's address and
19 was known to Weiss because Weiss had spoken with Mihalovic earlier on July 8, 2008 (the same
20 date a report of identity theft was made by victim Robert Anderson) as Mihalovic was a suspect
21 in another credit card fraud matter Weiss was investigating. (Doc. 12 at 23-24.)

22   During his investigation, for example, Weiss learned from Kimberly Ray, Mihalovic's
23 live in girlfriend, that Mihalovic did not allow her to retrieve the mail. (Doc. 12 at 24.) She
24 knew Mihalovic had a Valero credit card, but she believed the account had been opened under
25 his name. She recalls he filled out an application, but did not have any further information. Ray
26 advised Weiss that Mihalovic would keep things from her at times. (Doc. 12 at 24.)

27
28                                             6

During his investigation, Weiss received eight photographs from Valero's loss prevention specialist. All eight photographs appeared to depict Mihalovic using the fraudulent Valero credit card. (Doc. 12 at 24.)

Upon being interviewed by Weiss, the report indicates that Mihalovic claimed that the card belonged to "Dion Brawley" and that Brawley gave it to Mihalovic to use. (Doc. 12 at 25-26.) Later, Weiss interviewed Veronica Brawley, Dion's wife. Veronica indicated that Mihalovic "'steals credit cards and uses them for a living." (Doc. 12 at 27.) Later, Dion Brawley denied having a Valero credit card, and denied giving any such card to Mihalovic to use. Dion advised Weiss that Mihalovic would "sometimes find credit cards" in other people's trash and "use them." (Doc. 12 at 30.)

Moreover, during Weiss's investigation, the officer learned that a second application, in another identity theft victim's name, was also taken out at Valero. The address associated with this account was also 134 Second Street in Los Banos - Mihalovic's address. The victim denied applying for the card and upon review of a number of charge receipts related to the account and use of the card, she denied the signature on the receipts was hers, and denied using the Valero account. (Doc. 12 at 30-31.)

After an arrest warrant was obtained, Weiss proceeded to Mihalovic's address at 134 Second Street in Los Banos. At the time of his arrest,[3] and located in his home where Mihalovic's wallet and identification were kept, it was determined that Mihalovic was in possession of two Bank of America Mexico Visa cards in other persons' names. Mihalovic claimed he found the cards in the garbage. (Doc. 12 at 33.) Mihalovic was also in the possession of a Social Security card bearing the name "Rafael Alvarado," and a partial DMV document in the same name. (Doc. 12 at 34.) Weiss's report indicates that he did not find any evidence related to the fraudulent Valero accounts during the search of Mihalovic's residence.

---

[3] At the time of his arrest by Weiss, Mihalovic was on probation out of Tuolumne County following a conviction involving the use of stolen credit cards. (Doc. 12 at 125.)

7

Weiss's report concluded with a referral for a number of charges related to the use of the fraudulent Valero credit card to the Merced County district attorney for filing. Additionally, the report reflects as follows:

> CC: STANISLAUS COUNTY DISTRICT ATTORNEY FOR THE CHARGES OF 459 P.C., 484(G)(a) P.C. x 2, AND 487 P.C. TO BE FILED AGAINST SUSPECT, MIHALOVIC, REGARDING THIS INCIDENT AND THE PURCHASES MADE AT THE VALERO GAS STATION STORE #3540 LOCATED IN THE CITY OF TURLOCK.

(Doc. 12 at 35.)

Here, Weiss had probable cause to arrest Plaintiff for the charges brought in relation to the use of the fraudulent Valero credit card. Additionally, Weiss obtained an arrest warrant. *See Masters v. Gilmore*, 663 F.Supp.2d 1027 (D. Colo. 2009) (former prisoner could not proceed on § 1983 claim for false arrest and false imprisonment, as prisoner was arrested pursuant to a warrant and thus was not detained without legal process). Moreover, because he was executing a facially valid court order, Weiss is entitled to absolute quasi-judicial immunity. *See Coverdell v. Department of Social and Health Serv.*, 834 F.2d 758, 764-65 (9th Cir. 1987); *see also Roland v. Phillips*, 19 F.3d 552, 557 (11th Cir. 1987) ("Whether a valid judicial order is verbal or written, an executing law enforcement official is protected by absolute quasi-judicial immunity.").

The fact that evidence related to the fraudulent Valero account was not found at the time of Mihalovic's arrest does not make the arrest unlawful.

In part, Mihalovic contends Defendant Weiss "took an unethical and personal interest" in seeing to Mihalovic's conviction of the crimes for which he was arrested. However, Mihalovic's conclusory statements only serve to establish his allegations do not state a claim upon which relief can be granted, and in fact, establish any amendment would be futile. The two hundred pages Mihalovic appended to his amended complaint indicate only that Weiss investigated crimes pertaining to credit card fraud and identity theft, and that the charges incurred with the fraudulent credit card were actually made in two separate counties: to wit, Los Banos,

California, which falls within Merced County, and Turlock, California, which falls within the County of Stanislaus.

Weiss's referral to the Stanislaus County District Attorney's office for charges against Mihalovic relating to the credit card transactions occurring in Turlock, California, is entirely lawful. A law enforcement officer who learns of crimes committed in another jurisdiction as the result of an investigation is not required to ignore those crimes.

Notably too, an arresting officer is generally not a proper defendant in an action alleging an unlawfully prolonged detention following an arrest if the officer acted properly by promptly taking the person who was arrested to the police station for booking, and thereafter releasing the person into the custody of the officers of the facility responsible for processing and then releasing arrestees. *See Fisher v. Washington Metropolitan Area Transit Authority*, 6902 F.2d 1133 (4th Cir. 1982). Hence, Weiss acted properly.

In sum, Mihalovic's constitutional claims regarding an unlawful arrest are frivolous and amendment would be futile.

### 1. Unlawful Confinement

The elements "of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hospital*, 80 Cal.App.4th 484, 496 (2000) (citation omitted).

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997)). False arrest is not a different tort. *Id*. Rather, "'it is merely one way of committing a false imprisonment.'" *Id*. "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).

1    Here, Mihalovic alleges he was unlawfully confined in a Merced County jail for a period
2 of about eight months - thus meeting elements one and three of a false imprisonment claim.
3 However, despite Mihalovic's contention to the contrary, the two hundred pages he appended to
4 his eight-page complaint establish that his claim is plainly frivolous because his arrest was in fact
5 lawful. *See* section C, *ante*. Moreover, in light of this same documentation, providing Mihalovic
6 with a second opportunity to amend his complaint would be clearly futile.
7    In any event, even assuming arguendo this claim is not frivolous, because false
8 imprisonment is a state law claim, and Mihalovic cannot establish any cognizable federal claim,
9 supplemental jurisdiction over this claim should be declined. *See* 28 U.S.C. § 1368(c)(3).

**2.     Defamation/Slander**

Defamation alone is not a constitutional violation. *See Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) ("[P]etitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause"); *see e.g., Stump v. Gates*, 777 F.Supp. 808, 820-21 (D. Colo. 1991) (allegations of harm to family's reputation, based on published statements by police and coroner of father's death as suicide, stated no more than state tort law claim for defamation or possibly intentional infliction of emotional distress, and failed to assert denial of right secured by Constitution or laws of the United States), *aff'd*, 986 F.2d 1429 (10th Cir. 1993); *Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004) (plaintiff whose name was placed on California Child Abuse Central Index failed to show he suffered the loss of a recognizable property or liberty interest in connection with reputational injury from having name placed on index, as required to satisfy "stigma-plus" test for stating a defamation claim under § 1983).

To support a section 1983 claim based on injury to reputation, a plaintiff must allege "that the stigma was accompanied by some additional deprivation of liberty or property . . . protected by the state that directly affects the plaintiff's rights." *Miller v. California*, 355 F.3d at 1178.

In California, a state law claim of defamation consists of either libel or slander. Cal. Civ. Code, § 44. "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code, § 45. To state a claim for defamation, Plaintiff must establish "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999). Under California law, the defamatory statement must be specifically identified, and Plaintiff must plead the substance of the statement. *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1216 (C.D. Cal. 2004); *see also Okun v. Superior Court*, 29 Cal.3d 442, 458, 175 Cal.Rptr. 157, 629 P.2d 1369 (1981) (a plaintiff must plead the alleged libelous words). A publication is communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made. *Smith v. Maldonado*, 72 Cal.App.4th at 645.

Mihalovic claims that while he was being "sentenced on unrelated charges, involving case # CRL000992," his defense attorney advised him of an arrest warrant submitted by Defendant Weiss "accusing Plaintiff Mihalovic of crimes committed in the Stanislaus County - of which Officer Weiss **is not** and **was not** employed with." (Doc. 12 at 5-6, emphasis in original.) He claims a "defamatory publication was then comunicated [*sic*] to a Superior Court Judge in efforts to have Plaintiff ordered to answer on such false allegation[s] . . .," and hence claims an "injury to [his] reputation." (Doc. 12 at 6-7.)

Mihalovic fails to state a cognizable section 1983 claim based on an injury to his reputation because he fails to allege any stigma "accompanied by some additional deprivation" of his rights. *Miller v. California*, 355 F.3d at 1178. Morever, Mihalovic cannot state a cognizable state law claim for defamation because whatever statement may have been made to any third party was not defamatory, where this Court has already found Mihalovic's arrest was lawful.

11

Thus, any arrest warrant - be it issued to Merced County or Stanislaus County - does not amount to a defamatory statement.

Again Mihalovic cannot establish a cognizable federal claim.  Additionally, even were Mihalovic able to make a cognizable state law defamation claim, supplemental jurisdiction over such a claim should be declined.  *See* 28 U.S.C. § 1368(c)(3).

### 3. Emotional Distress Claim

Finally, Plaintiff again alleges a claim for intentional infliction of emotional distress ("IIED") arising out of his purportedly unlawfully arrest.

The elements of IIED are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003) (citing to *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991)) (quotations omitted).

Because this Court has already determined Plaintiff's arrest was lawfully effected, Plaintiff cannot meet the first element of an IIED claim.  In other words, in light of the Court's earlier finding, his conclusory statements that Defendant Weiss acted with extreme or outrageous conduct are wholly unpersuasive.  The claim is frivolous and any amendment would be futile.

### D. *Summary*

Plaintiff's amended complaint is plainly frivolous.  He seeks to assert claims that are clearly refuted by the very documents he has appended to the amended complaint in support thereof.  A claim is legally frivolous when it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).  A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke v. Williams*, 490 U.S.

at 327.  Here, the documents appended to Mihalovic's amended complaint indisputably establish his factual contentions are baseless and frivolous.

### RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED as frivolous and for a failure to state claims upon which relief can be granted.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 10, 2011**        /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

13